IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHISN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SHONDA STEVENS,

      PLAINTIFF,

v.                             CIVIL ACTION NO.:

PENSACOLA STATE COLLEGE,

      DEFENDANT.
_____/

## COMPLAINT

Plaintiff, Shonda Stevens, (hereinafter referred to as the "Plaintiff" or "Stevens"), by and through his undersigned attorney, sues the defendant, Pensacola State College, (hereinafter referred to as the "Defendant" or "PSC"), and alleges as follows:

### *INTRODUCTION*

1. Plaintiff brings this is an action to remedy discrimination on the basis of sex and pregnancy discrimination in the terms, conditions, and privileges of Plaintiff's employment in violation of 28 U.S.C. §§ 451, 1331, 1337,1343 and 1345 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* for employment discrimination on the basis of sex, and by the Pregnancy Discrimination Act of 1978 ("PDA"), in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

1

## *JURISDICTION AND VENUE*

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,1343 and 1345 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* for employment discrimination on the basis of sex, and by the Pregnancy Discrimination Act of 1978 ("PDA"), in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

3. Jurisdiction is specifically conferred on this Court by 42 U.S.C. §2000e-5(f). Equitable and other relief is sought under 42 U.S.C. § 2000e-5(g).

4. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and because the unlawful employment practices were committed in this judicial district.

5. All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 201919888) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D201900857) on May 21, 2019. On November 27, 2019, more than 180 days lapsed since Plaintiff's charge was filed and the FCHR had not concluded its investigation or made a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested her 90 day Notice of Right to Sue letter from the EEOC which was received on March 17, 2020.

## *PARTIES*

6. Plaintiff is a Caucasian female who is a citizen of the state of Florida and a resident of in Navarre, Florida. She was employed by the Defendant from May 17, 2018, until her employment contract was not renewed on May 6, 2019.

7. Defendant is one of 28 public colleges in the Florida College System, with its main campus located in Pensacola, Florida.

## *FACTS*

8. Plaintiff is a Caucasian female who resides in Navarre, Florida.

9. Plaintiff was employed by Defendant, Pensacola State College ("PSC"), in Pensacola, Florida from May 17, 2018, until her contract was not renewed, and she was terminated effective May 6, 2019.

10. After being the unanimous choice by the selection committee, Plaintiff was offered, and she accepted, a tenure-track English and Communications instructor position.

11. During Plaintiff's tenure as an English and Communications instructor, she performed the duties and responsibilities of her position in a more than satisfactory manner and had not been the subject of any disciplinary action.

12. Prior to Plaintiff's termination, she received all satisfactory reviews and comments.

13. On January 3, 2019, Plaintiff e-mailed her Department Head, Tracy

Peyton, to inform Ms. Peyton of her pregnancy confirmation and that she would be not be requesting a summer teaching position assignment and that she intended to request maternity leave for the following fall and spring semesters.

14. Later that same day, Ms. Peyton forwarded Plaintiff pregnancy e-mail to Dean Brenda Kelly with the message "we should discuss this".

15. Two days later, Ms. Peyton stopped by Plaintiff's office.

16. Ms. Peyton offered a tepid congratulation and asked when Plaintiff was due, to which Plaintiff informed Ms. Peyton she was due in July. Ms. Peyton turn around and walked down the hall without further comment.

17. For the next couple of months, Plaintiff continued to perform her duties and responsibilities in a satisfactory manner and without incident.

18. In March 2019, Plaintiff was asked to attend a meeting in Ms. Peyton's office.

19. At this meeting, Ms. Brenda Kelly (Dean) informed Plaintiff that her contract would not be continued and that Plaintiff's last day of employment was to be May 6, 2019.

20. Plaintiff asked for a reason and was informed that "there's nothing we can disclose."

21. Plaintiff's other department colleagues were caught off guard by her termination and sought answers and transparency from Defendant's administration

but were not provided any information.

22. At the same time Plaintiff was hired, Defendant hired a male tenured track instructor. This instructor was not terminated and is still employed by Defendant.

23. Plaintiff was constructively terminated because of her pregnancy and the reasons given for Plaintiff's termination were a pretext for Defendant's discrimination against her because of pregnancy.

## FIRST CAUSE OF ACTION
### (TITLE VII - Sex Discrimination)

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 23 of this complaint with the same force and effect as if set forth herein.

25. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex in violation of the Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 ("PDA").

26. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## SECOND CAUSE OF ACTION
### (FCHR - Pregnancy Discrimination)

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 23 of this complaint with the same force and effect as if set forth herein.

28. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her pregnancy in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

29. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## THIRD CAUSE OF ACTION
(Pregnancy Discrimination Act of 1978 ("PDA"))

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 23 of this complaint with the same force and effect as if set forth herein.

31. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her pregnancy in violation of the Pregnancy Discrimination Act of 1978 ("PDA").

32. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

b) Enjoining and permanently restraining those violations of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e) Awarding Plaintiff Front Pay in lieu of reinstatement;

f) Awarding Plaintiff compensatory damages;

g) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

h) Granting such other and further relief as the Court deems just and proper in the premises.

### *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: May 28, 2020.   By: */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
**WESTBERRY & CONNORS, LLC.**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel: (850) 473-0401
Fax: (850) 473-1388

Attorney for the Plaintiff:
Shonda Stevens